UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL WEBB <br><br> Plaintiff, <br><br> v. <br><br> NEW PENN FINANCIAL d/b/a SHELLPOINT MORTGAGE SERVICING <br><br> Defendant. | CIVIL ACTION 1:16-cv-04537 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, DARRYL WEBB ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, NEW PENN FINANCIAL d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Shellpoint seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over the state law ICFA claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Shellpoint conducts business in the Northern District of Illinois and Shellpoint's unlawful communications and practices impacted Plaintiff within the Northern District of Illinois.

1

**PARTIES**

5. Plaintiff Darryl Webb is a natural person residing at 1041 Forest Hill Street, Calumet City, Illinois 60409 ("subject property").

6. Defendant Shellpoint is a limited liability company with its principal office located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Shellpoint is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692 a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSE OF ACTION**

8. In August 2005, Plaintiff obtained a second mortgage loan ("subject debt") from Ocwen Loan Servicing, LLC ("Ocwen") secured by the subject property.

9. Plaintiff defaulted on the subject debt in late 2009.

10. On December 31, 2012, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-50954. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

11. At the time Plaintiff filed bankruptcy, Ocwen serviced the subject debt.

12. The subject debt was duly scheduled in Plaintiff's bankruptcy petition. *See* Exhibit B, a true and correct copy of Schedule D of Plaintiff's bankruptcy petition.

13. On or about January 5, 2013, the Bankruptcy Noticing Center ("BNC") mailed a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines to all creditors listed on the Bankruptcy Petition and Schedules, including Ocwen. *See* Exhibit C, a true and

correct copy of the Certificate of Notice executed by the BNC establishing service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines upon Ocwen.

14. The BNC notice also provided Ocwen with the name and address of Plaintiff's counsel and expressly stated that "taking actions to collect money or obtain property from the debtor" was prohibited by the Bankruptcy Code. *Id*.

15. The 341 meeting of creditors was held on March 19, 2013.

16. A representative of Ocwen was not present at the 341 meeting of creditors.

17. On April 24, 2013, Plaintiff received a discharge of all dischargeable debts pursuant to 11 U.S.C. §727, including the subject debt. *See* Exhibit D, a true and correct copy of the Discharge Order.

18. On April 29, 2013, the BNC provided Ocwen with notice of the Chapter 7 discharge. *See* Exhibit E, a true and correct copy the BNC Certificate of Notice of Discharge served upon Ocwen.

19. The discharge order expressly stated that:

> "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged … a creditor is not permitted to contact a debtor by mail, phone, or otherwise … to collect a discharged debt from the debtor." *Id*.

20. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Ocwen or any other party.

21. Plaintiff continued to receive payment demands and notices from Ocwen after the bankruptcy filing and through May 2015.

## SHELLPOINT'S UNLAWFUL COLLECTION PRACTICES

22. Upon information and belief, Ocwen transferred the subject debt to Shellpoint for collection on or before July 28, 2015, after the subject debt was in default.

23. After the discharge injunction had taken effect, Shellpoint attempted to collect the subject debt from Plaintiff by sending a payment demand to Plaintiff.

24. As a result, Plaintiff filed a complaint in the District Court for the Northern District of Illinois, 15-cv-07762, against Shellpoint alleging violations of the FDCPA and ICFA.

25. The case settled on March 7, 2016, and was dismissed on March 22, 2016.

26. After the case settled, Plaintiff believed that Shellpoint's unlawful collection attempts would cease.

27. Notwithstanding the filing of a lawsuit alleging unlawful collection practices and Shellpoint's active participation in the lawsuit alleging unlawful collection practices, Shellpoint sent yet *another* demand for payment to Plaintiff on March 26, 2016, seeking to collect the subject debt ("dunning letter"). *See* Exhibit F, a true and correct copy of the dunning letter sent by Shellpoint to Plaintiff.

28. The dunning letter demanded payment of $31,169.04 by April 1, 2016. *Id.*

29. The dunning letter also listed an outstanding principal balance of $35,360.83. *Id.*

30. The dunning letter further included a detachable payment coupon which demanded payment in the amount of $31,169.04 by April 1, 2016. *Id.*

31. Shellpoint's dunning letter was highly confusing and upsetting to Plaintiff.

32. Plaintiff has suffered significant emotional distress and mental anguish as a result of Shellpoint's harassing collection attempts.

33. Plaintiff has been forced to yet *again* expend time, costs, and effort in consulting with his attorneys as he was led to believe that his bankruptcy had no legal effect as a result of Shellpoint's conduct.

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Shellpoint qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

36. Shellpoint violated 15 U.S.C. §§1692e(2), e(10), e(11), and 1692f through its debt collection efforts.

**a. Violations of FDCPA §1692e**

37. Shellpoint violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt by demanding payment on a debt which was no longer owed by virtue of Plaintiff's discharge.

38. Similarly, Shellpoint violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was owed at the time of the demand as the subject debt was not owed by virtue of Plaintiff's discharge.

39. Shellpoint violated §1692e(11) by failing to identify itself as a debt collector attempting to collect a debt.

**b. Violations of FDCPA §1692f**

40. Shellpoint violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt by attempting to induce Plaintiff into making payments on a debt that is not legally owed.

...

41. As an experienced creditor and debt collector, Shellpoint knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy, especially given the fact that it has already defended one case alleging the identical violations set forth hererin.

42. As pled in paragraphs 31 through 33, Plaintiff suffered damages as a direct result of Shellpoint's collection efforts.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

  c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

  d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

  e. awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II-VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

43. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

44. Plaintiff Darryl Webb is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

45. Shellpoint is engaged in commerce in the State of Illinois with regard to Plaintiff, the subject debt, and the subject property. Shellpoint specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

46. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**a. Deception and Unfairness**

47. Shellpoint violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempts to collect the subject debt after Plaintiff's bankruptcy discharge.

48. Shellpoint's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy, represents the use of false pretenses and deception to attempt to collect a debt that was not owed at the time the demands for payment were made.

49. It was unfair and deceptive for Shellpoint to seek to collect the subject debt from Plaintiff through its dunning letter in an attempt to coerce and compel Plaintiff into making payments on a debt that is uncollectible and not owed as a matter of law.

50. Moreover, it was unfair for Shellpoint to continue to attempt to collect the subject debt from Plaintiff after it obtained actual knowledge through the case it settled with Plaintiff that its collection attempts were unlawful and harmful to Plaintiff.

51. Shellpoint intended that Plaintiff rely on its unfair and deceptive acts, and Plaintiff did in fact rely on Shellpoint's deceptive and unfair acts to his detriment as he was led to believe that his bankruptcy had no legal effect.

52. Shellpoint bullied the Plaintiff into near submission with perpetual unfair and deceptive conduct through lies, harassment, intimidation, and deception regarding the collectability of the subject debt.

53. Shellpoint's harassing conduct is immoral and against public policy.

54. Upon information and belief, attempting to collect debts discharged in bankruptcy from Illinois consumers is an unfair and deceptive business practice willfully employed by Shellpoint and is done on a mass scale.

55. As pled above, Plaintiff was substantially harmed by Shellpoint's conduct.

56. An award of punitive damages is appropriate because Shellpoint's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and the Plaintiff had no choice but to submit to the unlawful collection attempts.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 21, 2016                    Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188