# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DARRYL WEBB, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16 C 4537<br>) |
| NEW PENN FINANCIAL d/b/a SHELLPOINT MORTGAGE SERVICING, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has received the judge's courtesy copy of the Answer filed by New Penn Financial d/b/a Shellpoint Mortgage Servicing ("Shellpoint") to the Fair Debt Collection Practices Act lawsuit brought against it by Darryl Webb ("Webb"). Because that responsive pleading contains a number of the venial (not mortal) sins committed all too frequently by defense counsel and adverted to by this Court about the turn of the century in the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001),[1] it is troubling to find those bad habits persisting among lawyers -- and more so where, as here, defense counsel is a member of one of the nation's leading law firms.

In any event, the first of several glitches is found in the Answer's numerous invocations of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer that is made available when a defendant cannot either admit or deny a plaintiff's allegation as directed in Rule 8(b)(1)(B) (Answer ¶¶ 5, 8, 9, 11,

---

[1] That Appendix had its origin in the desire to spare this Court's then long-term secretary the burden of having to transcribe this Court's repeated dictation again and again.

13-16, 18, 21, 26 and 31-33). After adhering meticulously to the locution provided in Rule 8(b)(5) -- something that lawyers frequently do not -- each of those paragraphs of the Answer concludes with the phrase "and thus denies the same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, Answer ¶ 6 is not directly responsive to the corresponding allegations in Webb's Complaint ¶ 6. In the rewrite of the Answer that is ultimately ordered here, defense counsel should take a hard look at that response (among other things, an answer's reference to "any allegations that are inconsistent with the foregoing" poses a problem for any reader, because it calls for a mindreading exercise into what the drafter of the Answer may view as "inconsistent").

Next, Answer ¶ 19, instead of straightforwardly admitting Webb's Complaint ¶ 19 allegation, says that the document quoted there "speaks for itself." Not so -- in that respect, see App'x ¶ 3 to <u>State Farm</u>.

Finally, a number of responses say quite inaccurately that an allegation characterized by defense counsel as stating a legal conclusion need not be answered (see Answer ¶¶ 20, 44, 45 and 49). That of course is dead wrong -- remember that the allegations that are archetypically legal conclusions are those stating jurisdiction and venue, yet no one would really dream of asserting that those allegations call for no response because they are indeed legal conclusions.

In all events, the matters addressed here are sufficiently numerous that serving the convenience of any reader calls for a self-contained Amended Answer, which is ordered to be filed on or before August 18, 2016. No charge may be made to Shellpoint by its counsel for the

added work and expense incurred in correcting counsel's errors. Shellpoint's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: August 4, 2016